FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 20 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01511-BNB

GLENN McMINN,

    Plaintiff,

v.

C.C.A (Correction Corp. of America),
CDOC (Colo. Dept. Of Corr. [sic]),
CHP,
BENT COUNTY RECYCLING,
C.O. ROBERT DODSON,
WARDEN SLOAN, BCCF,
WARDEN ZUPAN, TCF, and
P.A. MOULDS, TCF,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Glenn McMinn, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Fort Lyon Correctional Facility in Fort Lyons, Colorado. He filed *pro se* a complaint pursuant to 42 U.S.C. § 1983 seeking money damages and injunctive relief.

    The Court must construe Mr. McMinn's filings liberally because he is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. McMinn will be directed to file an amended complaint.

Mr. McMinn asserts two claims for relief. As background for his claims, he alleges that he was injured while working at his inmate job for Defendant Bent County Recycling. Mr. McMinn asserts that Defendant Dodson instructed him to climb into a large container, where he fell and suffered serious injury to his left hip, lower back and the nerves in his right thigh. Mr. McMinn also asserts that after he was transferred to the Trinidad Correctional Facility, he was denied pain medication and treatment for his injuries by Defendant Moulds. As a result, Mr. McMinn asserts that his Eighth Amendment right to be free from cruel and unusual punishment was violated.

However, Mr. McMinn may not sue the State of Colorado or its entities, such as the Colorado Department of Corrections or CHP, which Mr. McMinn identifies as the health provider for the Colorado Department of Corrections. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies,

regardless of the relief sought. *See **Higganbotham v. Okla. Transp. Comm'n***, 328 F.3d 638, 644 (10th Cir. 2003). Therefore, the Colorado Department of Corrections and CHP are not proper parties to this action.

Further, in the amended complaint he will be directed to file, Mr. McMinn must assert personal participation by each named defendant. *See **Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. McMinn must name and show how named defendants caused a deprivation of his federal rights. *See **Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See **Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Warden Sloan or Warden Zupan, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See **Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. McMinn may use fictitious names, such as "John or Jane Doe," if he does not know the McMinnl names of the individuals who allegedly violated his rights. However, if Mr. McMinn uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. McMinn, therefore, will be directed to file an amended complaint that states his claims clearly and concisely, names only proper parties to the action, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Glenn McMinn, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. McMinn, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. McMinn fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice. It is

DATED at Denver, Colorado, this 20th day of July, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01511-BNB

Glenn McMinn
Prisoner No. 149312
Fort Lyon Correctional Facility
PO Box 1000
Fort Lyon, CO 81038

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on July 20, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk