F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 0 3 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01511-BNB

GLENN MCMINN,

      Plaintiff,

v.

C.C.A. (Corrections Corporation of America),
BENT COUNTY RECYCLING,
S.C.O. ROBERT DODSON, and
AL (JOHN DOE), last name unknown at this time, employed as truck driver by Bent
County Recycling,

      Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

      Plaintiff, Glenn McMinn, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Fort Lyon Correctional Facility in Fort Lyon, Colorado.  He initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on June 9, 2011.  He has paid the $350.00 filing fee.

      On July 20, 2011, Magistrate Judge Boland found that the complaint was deficient, because Mr. McMinn failed to allege the personal participation of each named defendant.  Therefore, Mr. McMinn was directed to file an amended complaint, which he submitted on July 27, 2011.

      The Court must construe the amended complaint liberally because Mr. McMinn is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. McMinn is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the amended complaint, or any portion thereof, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams* , 490 U.S. 319, 324 (1989). For the reasons stated below, the amended complaint and the action will be drawn in part and dismissed in part pursuant to § 1915A(b)(1) as legally frivolous.

Mr. McMinn asserts one claim in this action. As background for his claims, Mr. McMinn alleges that on February 24, 2011, while at his inmate job, he was instructed by Defendant Dodson to climb into a large container to make sure it was empty. He asserts that he slipped and fell while inside of the container, landing on his left hip and causing injury and nerve damage to his lower back, left hip, and right thigh. Mr. McMinn alleges that Defendants Dodson and Al (John Doe) were aware it was dangerous to climb inside the containers but that they still required him to climb into the containers as

2

part of his regular work duties.  Mr. McMinn alleges that this treatment violated his right
to be free from cruel and unusual punishment pursuant to the Eighth Amendment.  As
relief, Mr. McMinn seeks damages.

      Mr. McMinn is suing the Corrections Corporation of America (C.C.A.) and Bent
County Recycling, which he asserts is a private business owned by C.C.A., because
these entities allegedly are responsible for the acts of their employees.  However, under
§ 1983, liability cannot be imposed "vicariously on a theory of respondeat superior."
*Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006); *see also Smedley v. Corr.
Corp. of Am.*, 175 Fed. Appx. 943, 946 (10th Cir. Dec. 20, 2005) (unpublished opinion)
(holding that "a private actor such as CCA 'cannot be held liable solely because it
employs a tortfeasor - or, in other words . . . cannot be held liable under § 1983 on a
respondeat superior theory.'") (citation omitted)).  Instead, a private corporation is liable
under § 1983 only when an official policy or custom of the corporation cause or is the
"moving force of the constitutional violation."  *Monell v. Dept. of Social Servs.*, 436
U.S. 658 (1978); *see also Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir.
2003) (holding that traditional municipal liability principles apply to claims brought
pursuant to 42 U.S.C. § 1983 against private corporations).  Therefore, C.C.A. and Bent
County Recycling would incur liability under § 1983 only if the harm had resulted from a
policy or custom on the part of the corporation.  *See Smedley*, 175 Fed. Appx. at 946
("in order to hold CCA liable for the alleged tortious acts of its agents, [the [plaintiff] must
show that CCA directly caused the constitutional violation by instituting an 'official
municipal policy of some nature,' that was the 'direct cause' or 'moving force' behind the

3

constitutional violations" (citations omitted)).

In this case, other than the actions or inactions of C.C.A.'s employees, Mr. McMinn makes no specific allegations concerning the alleged wrongful conduct of C.C.A. or Bent County Recycling. Mr. McMinn has failed to allege that an official policy or custom of C.C.A. was the "moving force" behind the alleged violation of his civil rights by C.C.A. employees. *Monell*, 436 U.S. at 658. Accordingly, C.C.A. and Bent County Recycling are improper parties to this action, and will be dismissed.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. McMinn's claim does not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. The only remaining Defendants are Robert Dodson and Al (John Doe). Accordingly, it is

ORDERED that Defendants C.C.A. (Corrections Corporation of America) and Bent County Recycling are dismissed as parties to this action for the reasons set forth above. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this _3rd_ day of ___August___, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court


4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01511-BNB

Glenn McMinn
Prisoner No. 149312
Fort Lyon Correctional Facility
PO Box 1000
Fort Lyon, CO 81038

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 3, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk