IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01511–PAB–KMT

GLENN McMINN,

    Plaintiff,

v.

S.C.O. ROBERT DODSON,
AL (John Doe), last name unknown at this time), employed as truck driver by Bent County Recycling,

    Defendants.

## ORDER

This matter is before the court on Plaintiff's "Motion to Re-Instate Defendants" (Doc. No. 14, filed August 10, 2011).

In his "Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge" (Doc. No. 9, filed August 3, 2011), Senior Judge Lewis T. Babcock dismissed Defendants Corrections Corporation of America (C.C.A.) and Bent County Recycling. (*Id.*)

Judge Babcock stated:

> under § 1983, liability cannot be imposed "vicariously on a theory of respondeat superior." *Trujillo v. Williams*, 465 F.3d 1210,1228 (10th Cir. 2006); *see also Smedley v. Corr. Corp. of Am.*, 175 Fed. Appx. 943, 946 (10th Cir. Dec. 20, 2005) (unpublished opinion) (holding that "a private actor such as CCA 'cannot be held liable solely because it employs a tortfeasor - or, in other words . . . cannot be held liable under § 1983 on a respondeat superior theory.' ") (citation omitted)). Instead, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes or is the "moving force of the constitutional violation." *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978); *see also Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that traditional

> municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations). Therefore, C.C.A. and Bent County Recycling would incur liability under § 1983 only if the harm had resulted from a policy or custom on the part of the corporation. *See Smedley*, 175 Fed. Appx. at 946 ("in order to hold CCA liable for the alleged tortious acts of its agents, [the plaintiff] must show that CCA directly caused the constitutional violation by instituting an 'official municipal policy of some nature,' that was the 'direct cause' or 'moving force' behind the constitutional violations" (citations omitted)).

Judge Babcock noted that in this case, other than the actions or inactions of C.C.A.'s employees, Plaintiff makes no specific allegations concerning the alleged wrongful conduct of C.C.A. or Bent County Recycling and that Plaintiff has failed to allege that an official policy or custom of C.C.A. was the "moving force" behind the alleged violation of his civil rights by C.C.A. employees. (Doc. No. 9 at 4 [citing *Monell*, 436 U.S. at 658].)

Plaintiff now moves the court to reinstate Bent County Recycle as a defendant to this matter. Plaintiff argues Bent County Recyle is privately owned, and not owned by C.C.A. (Doc. No. 14 at 1.) Plaintiff also argues Bent County Recycle should be held accountable for their lack of a sign or precautions to prevent his accident. (*Id.*) However, it makes no difference whether Bent County Recycling is owned by C.C.A. or not, as it is still a private corporation. As such, Bent County Recycling would only be liable if Plaintiff could satisfy the *Monell* standard. As Judge Babcock noted, Plaintiff has not alleged any official policies or customs by Bent County Recycling–rather than actions or inactions by the individual C.C.A. defendants–in the amended complaint. Accordingly, it is

ORDERED that Plaintiff's "Motion to Re-Instate Defendants" (Doc. No. 14) is DENIED.

Dated this 12th day of August, 2011.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge