IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–01511–PAB–KMT

GLENN McMINN,

    Plaintiff,

v.

S.C.O. ROBERT DODSON, and
ALLEN BIRT,

    Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Magistrate Judge Kathleen M. Tafoya**

    This matter is before the court on Plaintiff's "Motion to Amend and Re-instate." (Doc. No. 39 [Mot.], filed October 6, 2011). Defendant Dodson filed his response on December 1, 2011 (Doc. No. 59), and Defendant Birt filed his response on November 30, 2011 (Doc. No. 58). Plaintiff filed his reply on December 12, 2011. (Doc. No. 67 [Reply].) This matter is ripe for recommendation.

## BACKGROUND

    Plaintiff's original Prisoner Complaint was filed on June 9, 2011 (Doc. No. 1), in which Plaintiff made allegations regarding an injury he claims to have received while incarcerated at the Bent County Correctional Facility (BCCF). (*Id.*) Plaintiff was ordered to submit an Amended Prisoner Complaint "that states his claims clearly and concisely, names only proper parties to the action, and alleges specific facts demonstrating how each named defendant

personally participated in the asserted constitutional violations." (Doc. No. 7. at 3.) Plaintiff filed his Amended Prisoner Complaint on July 27, 2011. (Doc. No. 8.) On August 3, 2011, Senior Judge Lewis T. Babcock issued his Order to Dismiss in Part Plaintiff's claims. (Doc. No. 9.) Pursuant to Judge Babcock's Order, the only remaining claim is for cruel and unusual punishment, brought pursuant to 42 U.S.C. § 1983, against Defendant Dodson and Defendant Birt.[1] (*Id.* at 4.)

On August 10, 2011, Plaintiff filed a motion to reinstate Bent County Recycle as a defendant to this action. (Doc. No. 14.) On August 12, 2011, this court issued its Order denying Plaintiff's motion, noting that, just as Judge Babcock previously determined, Plaintiff had not alleged any official policies or customs by Bent County Recycling–rather than actions or inactions by the individual C.C.A. defendants–in the amended complaint, and that Bent County Recycling would only be liable if Plaintiff could satisfy the standard set forth in *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978). (Doc. No. 17 at 2.)

On October 6, 2011, Plaintiff filed his present Motion, in which he sets forth additional allegations concerning his claims, which appear to be designed to provide a basis on which to bring certain defendants back into the case. Plaintiff also seeks to add nine new defendants and to assert new claims regarding deliberate indifference. (*See* Doc. Nos. 39, 39-1.)

---

[1] Plaintiff's motion to amend the caption to substitute Defendant "Al (John Doe)" with Defendant "Allen Birt" was granted on December 2, 2011. (Doc. No 62.)

**LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir.1983).

**ANALYSIS**

Defendants argue that Plaintiff's Motion should be denied for Plaintiff's failure to cure deficiencies in his Complaint and on the basis of futility. (*See* Doc. Nos. 58 and 59.) As noted above, leave to amend may be denied where the proposed amendment would be futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Servs.,* 175 F.3d 848, 859 (10th Cir. 1999). In other words, the court is justified in denying a "motion to amend if the proposed amendment

could not have withstood a motion to dismiss or otherwise failed to state a claim." *Schepp v. Fremont County, Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990).

### A.     *Defendant Birt*

Defendant Birt argues that Plaintiff has already been given the opportunity to cure the deficiencies in his Complaint, and that, despite such opportunity, Plaintiff has failed to set forth cognizable claims for relief against named defendants already dismissed by the Court. (Doc. No. 58 at 3.)

In the case of Bent County Recycling, Plaintiff previously failed to cure the deficiency leading to the dismissal of that defendant. (*See* Doc. Nos. 9 and 17.) Plaintiff's proposed Amended Complaint to add Bent County Recycling as a defendant provides only conclusory allegations concerning the lack of safety regulations at the corporation. Plaintiff claims that a certain kind of tool or pitchfork was in the tool inventory at Bent County Recycling, but not used by inmates. (Doc. No. 39-1 at 13.) However, this allegation does not establish, nor does Plaintiff allege, an official policy or custom that was the "moving force behind the constitutional violation." *Monell*, 436 U.S. at 694. Once again, Plaintiff has failed to provide a basis upon which to state a claim that Bent County Recycling is responsible for any injury suffered by Plaintiff, much less how any official policy or custom of Bent County Recycling rises to the level of a constitutional violation. Thus, Plaintiff's proposed Amended Complaint as to Bent County Recycling would be futile, and motion for leave to amend is properly denied as to Bent County Recycling.

### B.     Claims Against Other New Defendants

Defendant Dodson argues that Plaintiff's proposed claims are futile because no facts are alleged establishing any newly added defendant either (1) personally participated in any alleged conduct that is the basis of Plaintiff's damages; or (2) acted with deliberate indifference to any of Plaintiff's serious medical needs or to his health and safety. (Doc. No. 59.)

#### 1.     Assistant Wardens

The proposed amendments attempt to add two assistant wardens of BCCF based on supervisory liability–the same type of allegations that were properly dismissed against the entities. For the same reasons relied upon for the dismissal of the entities by Judge Babcock in his Order to dismiss in part and draw case, the claims against the Assistant Wardens would be subject to dismissal.

Supervisor status is insufficient to support individual liability under 42 U.S.C. § 1983. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). To establish a supervisor's § 1983 liability, a plaintiff must demonstrate an affirmative link exists between the alleged constitutional deprivation and the supervisor's personal participation, his or her exercise of control or discretion, or his or her failure to supervise. *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997); *Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir. 1988). Further, the liability of a supervisor under §1983 in the prison context must be predicated on the supervisor's deliberate indifference, not mere negligence, meaning the supervisor must know his or her actions or omissions create a substantial risk of harm. *Green*, at 108 F.3d at 1302; *Langley v. Adams Cnty*, 987 F.2d 1473, 1481 (10th Cir. 1993). "[S]upervisory liability requires 'allegations

of personal direction or of actual knowledge and acquiescence.' " *Id.* When the allegations of deliberate indifference focus on the supervisor's failure to train those under his or her supervision the supervisor may only "be held liable where there is essentially a complete failure to train, or training that is so reckless or grossly negligent that future misconduct is almost inevitable." *Meade*, 841 F.2d at 1528 (citing *Hays v. Jefferson County*, 668 F.2d 869, 873-74 (6th Cir. 1982)).

Here, Plaintiff has made no allegations that either Assistant Warden personally participated in any conduct that is the basis of Plaintiff's claims. Plaintiff presents only conclusory allegations of lack of supervision or training and fails to present any specific allegations that any policy or procedure was a driving force behind the injuries. As such, the proposed amendments as to the Assistant Wardens are futile, and the Motion to Amend as to these defendants is properly denied.

### 2. *Defendants Phillips, Newhold, Moulds, and Jacobs*

Defendant Dodson also argues that the allegations against the medical professionals at Fort Lyons Correctional Facility, named as Medical Provider Phillips and Nurse Newhold, do not demonstrate a violation of the Eighth Amendment, and as a result the proposed amended claim against those defendants must be rejected as futile. (Doc. No. 59 at 4.) Defendants failed to analyze the sufficiency of Plaintiff's proposed Amended Complaint to add Nurse Jacobs as a defendants. However, this court may do so here pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

To state a cognizable claim against the medical defendants, Plaintiff must allege facts demonstrating they were deliberately indifferent to his serious medical needs. *See Estelle v.*

6

*Gamble*, 429 U.S. 97, 104-106 (1976); *see also Wilson v. Seiter*, 501 U.S. 294, 297 (1991). There are two components to the analysis of an Eighth Amendment claim: (1) an objective component requiring that the deprivation be sufficiently serious, and (2) a subjective component requiring that the officials act with a sufficiently culpable state of mind. *See Perkins v. Kansas Dep't of Corrs.*, 165 F.3d 803, 809 (10th Cir. 1999). A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for medical attention. *See Riddle v. Mondragon*, 83 F.3d 1197, 1203 (10th Cir. 1996). An allegation of "inadvertent failure to provide adequate medical care" or of a negligent diagnosis does not establish the requisite culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal citation and quotation marks omitted). Rather, Plaintiff must demonstrate that the medical professionals exhibited deliberate indifference to Plaintiff's known and serious medical needs. *Barrie v. Grand Cnty., Utah*, 119 F.3d 862, 867 (10th Cir. 1997).

The only allegations against Defendants Phillips and Newhold are that they refused Plaintiff's requests for stronger pain medication and for a "lay-in" from work. (Doc. No. 39-1 at 9.) As to Nurse Moulds, Plaintiff alleges when he was moved to Trinidad Correctional Facility (TCF), she "stopped the pain medication and ordered Tylenol, which was much too mild to be effective." (Doc. No. 39-1 at 8.) Plaintiff also alleges she eventually refused to reorder even Tylenol. (*Id.*) Plaintiff also alleges Nurse Moulds refused to order further testing for his medical condition. (*Id.*) However, there are no allegations meeting the subjective component of the analysis, *i.e.* no allegations that Defendants Phillips, Newhold or Moulds acted with the requisite

7

mental state to constitute deliberate indifference. At best, Plaintiff's allegations against these medical defendants is based on his disagreement as to the medical course of treatment for Plaintiff. *See Estelle*, 429 U.S. at 107 (a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation). Thus, Plaintiff's claims against these individuals would be subject to dismissal, and his motion to amend to add them as defendants should be denied.

### *3.     Defendant Jacobs*

Plaintiff seeks to add Nurse David Jacobs of the TCF as a defendant.[2] Plaintiff alleges Nurse Jacobs has "echoed Defendant Moulds['] statements and denials, even though he has never examined Plaintiff."[3] (Doc. No. 39-1 at 8.) To the extent Plaintiff attempts to allege an Eighth Amendment violation by Nurse Jacobs, Plaintiff fails to allege any facts that Nurse Jacobs was deliberately indifferent to any known or serious medical need. *Barrie*, 119 F.3d at 867. Plaintiff concedes Nurse Jacobs never even examined him. Even taking Plaintiff's factual allegations as true and construing them in the light most favorable to Plaintiff, *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991), Plaintiff has failed to allege sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

---

[2] Defendants also failed to analyze the sufficiency of Plaintiff's claims against Nurse Jacobs. However, again, this court does so here pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

[3] Most of Plaintiff's allegations against Nurse Johnson relate to testimony allegedly given by Nurse Johnson at a prison disciplinary hearing. However, Plaintiff does not assert a claim specifically related to this alleged testimony.

Thus, Plaintiff's Eighth Amendment claim against Nurse Jacobs would be subject to dismissal, and the motion to amend to assert such a claim should be denied.

### *4.     Defendant DeCesaro*

Plaintiff moves to amend to add Anthony DeCesaro, the CDOC Grievance Coordinator, as a defendant. Plaintiff alleges Defendant DeCesaro denied Plaintiff's grievance at the Step III level. (Doc. No. 39-1) at 9.) However, "[i]n the Tenth Circuit, constitutional allegations against an actor whose only involvement was during the grievance process do not state a claim." *Thomas v. Ortiz*, No. 07-cv-00400-WDM-MEH, 2007 WL 3256708, at *3–4 (D. Colo. Nov. 1, 2007) (inmate failed to state a claim of deliberate indifference against grievance officer). *See Walker v. Meyer*, No. 08-cv-01911-REB-KLM, 2009 WL 961490, at *4 (D. Colo. Apr. 7, 2009) ("[M]ere participation in the grievance process is an insufficient basis for asserting a violation of constitutional rights . . . . The 'mere involvement of processing a grievance at an administrative level does not establish the affirmative link required to establish supervisor liability for an employee's conduct.' ") (quoting *Boles v. Dansdill*, No. 05-cv-1661-PSF-CBS, 2007 WL 2770473, at *4 (D. Colo. Sept. 20, 2007)).

Therefore, Plaintiff's claim against Defendant DeCesaro is subject to dismissal as futile, and the motion to amend to assert a claim against Defendant DeCesaro should be denied.

### *5.     Defendant Sloan*

Finally, Plaintiff moves to add BCCF Warden Bringham Sloan as a defendant. (Doc. No. 39 at 1.) Plaintiff asserts he was housed at BCCF, "which was operated by Defendant Warden Sloan." (Doc. No. 39-1 at 7.) Plaintiff asserts upon entering BCCF, all inmates are given a

handbook that describes the prison policies. (*Id.* at 10.) According to Plaintiff, the handbook states that "[t]he warden is directly responsible to administer the operations within the parameters established by the U.S. Constitution, Corrections Corporation of America (CCA) and the Colorado Department of Corrections (CDOC)." (*Id.* at 10–11.) Plaintiff asserts that because he was injured while "under the care and supervision of Defendant Sloan, it is very clear that this Defendant did violate the policies set out to protect everyone in his care from injuries." (*Id.* at 11.)

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). In *Iqbal*, the Supreme Court held that supervisors can only be held liable for their own misconduct. *Iqbal*, *Iqbal*, 129 S. Ct. at 1949. Under this decision, a supervisor cannot incur liability under § 1983 for his mere knowledge of a subordinate's wrongdoing. *Id.* After *Iqbal*, the Tenth Circuit has held that a plaintiff may succeed in a § 1983 suit against a defendant-supervisor by demonstrating: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199-1200 (10th Cir. 2010) (citing *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002)).

It appears that Plaintiff attributes liability to Warden Sloan merely based on his supervisory role. The state of mind required to establish a § 1983 claim based on supervisory liability is the state of mind requirement that is tied to the underlying constitutional provision at

issue. *Iqbal*, 129 S. Ct. at 1948; *Dodds*, 614 F.3d at 1204–1205.  To establish a violation of § 1983 by a supervisor, the plaintiff must, at minimum, establish a deliberate and intentional act on the part of the defendant to violate the plaintiff's legal rights.  *Porro v. Barnes*, 624 F.3d 1322, 1327–28 (10th Cir. 2010).  Plaintiff has failed to state any allegations in this regard.  Moreover, Plaintiff has failed to allege that "(1) [Warden Sloan] promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Dodds*, 614 F.3d at 1199-1200.

Because Plaintiff's Eighth Amendment claim against Warden Sloan would be subject to dismissal, the motion to amend to assert a claim against him should be denied.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Plaintiff's "Motion to Amend and Re-instate." (Doc. No. 39) be **DENIED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 17th day of January, 2012.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge