IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–01511–PAB–KMT

GLENN McMINN,

    Plaintiff,

v.

S.C.O. ROBERT DODSON, and
ALLEN BIRT,

    Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case comes before the court on "Defendant Birt's Motion to Dismiss"[1] (Doc. No. 51 [Mot.], filed November 11, 2011). Plaintiff filed his Response on December 29, 2011 (Doc. No. 80 [Resp.]), and Defendant Birt filed his Reply on January 10, 2012 (Doc. No. 85 [Reply]). The motion is ripe for recommendation and ruling.

## STATEMENT OF THE CASE

Plaintiff filed this suit pursuant to 42 U.S.C. § 1983, alleging Defendants violated his Eighth Amendment rights to be free from cruel and unusual punishment. (*See* Doc. No. 8.)

---

[1] Defendant Birt, originally identified by Plaintiff as "Al (John Doe) last name unknown at this time, employed as truck driver by Bent County Recycling" was served by the United States Marshal's Service on October 21, 2011. (Mot. at 1 n.1.) On December 2, 2011, this court granted Plaintiff's motion to amend the defendant's name to substitute "Allen Birt." (Doc. No. 62.)

Plaintiff asserts that on February 24, 2011, while he was incarcerated at Bent County Correctional Facility, Defendant Dodson instructed Plaintiff to climb into a large recycling container to make sure empty recycled cans properly were exiting the container. (*See id.* at 4.) While Plaintiff was climbing into the container, he slipped on an empty can, landed on his left hip, and slid out the opening in the container. (*Id.*) Plaintiff alleges the fall caused back and hip injuries, numbness in his right thigh area, and nerve damage. (*Id.*) Plaintiff alleges the defendants "should have known and required common, basic, and standard safety precautions were in place while supervising, inspecting, and operating a place of business that consists of heavy machinery which can and did cause serious injury." (*Id.* at 5.) Plaintiff asserts that the defendants should have regulated and enforced safety regulations, and that their failure to do so violated his Eighth Amendment rights. (*Id.*) Plaintiff seeks money damages in the amount of $1,000,000. (*Id.* at 6.)

## LEGAL STANDARDS

### I.     Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)

(citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## II.     *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

Defendant Birt moves for dismissal of the claims against him on the basis that Plaintiff has failed to state a claim upon which relief can be granted. (Mot. at 4–6.) Specifically,

Defendant Birt argues Plaintiff has failed to set forth a *prima facie* claim under Section 1983 because Defendant Birt was not acting under color of state law. (*Id.* at 4–5.) Additionally, Defendant Birt argues Plaintiff's allegations are insufficient to set forth a plausible claim against him. (*Id.* at 5–6.)

*I.    Acting Under State Law*

State action is a jurisdictional requirement for a § 1983 claim. *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995). The Tenth Circuit has explained this requirement as follows:

> Section 1983 created a federal cause of action for damages to vindicate alleged violations of federal law committed by individuals acting "under color of state law." 42 U.S.C. § 1983; *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."); *Owen v. City of Independence*, 445 U.S. 622, 650 (1980) (§ 1983 was designed "to provide protection to those persons wronged by the '[m]isuse of power' "). The statute "creates no substantive civil rights, only a procedural mechanism for enforcing them." *Wilson v. Meeks*, 52 F.3d 1547, 1552 (10th Cir. 1995). Therefore, "the only proper defendants in a Section 1983 claim are those who 'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.' " *Gallagher v. "Neil Young Freedom Concert"*, 49 F.3d 1442, 1447 (10th Cir. 1995) (quoting *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988)).

An actor need not be an officer of the state to act under color of state law for § 1983 purposes. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). "Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions." *Dennis*, 449 U.S. at 227–28.

Plaintiff's claim against Defendant Birt fails for several reasons. First, Plaintiff fails to state any allegations setting forth why Defendant Birt's conduct should be considered state

5

action. In his Complaint, Plaintiff states that "[Defendant Birt] is an employee at a private business and is not required to act under the color of state law." (Doc. No. 8 at 3, ¶ 5.) Second, in explaining the scope of the Eighth Amendment, the Supreme Court has said that "[t]he primary purpose of [the Cruel and Unusual Punishment Clause] . . . has always been considered, and properly so, to be directed at the method or kind of punishment imposed for the violation of criminal statutes. . . ." *Powell v. Texas*, 392 U.S. 514, 531–32 (1968). The purpose of the Amendment indicates that it contains a limitation on what types of state actors can violate it. The Supreme Court has instructed that "the text of the Amendment suggests an intention to limit the power of those entrusted with the criminal-law function of government." *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). Consistent with this, only prison officials and those to whom they delegate penological responsibilities for prisoners have Eighth Amendment duties and attendant liabilities. In this case, there is no allegation or indication that any penological responsibilities, and therefore liabilities, were delegated to Defendant Birt.

Dismissal of Plaintiff's claims against Defendant Birt would be proper on this basis alone. However, even assuming for dismissal purposes that Defendant Birt is a state actor, Plaintiff's § 1983 claims against him should be dismissed for failure to allege sufficient facts to set forth a plausible claim.

## II.    *Plausible Claim*

As set forth above, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S. Ct. at 1949. Here, Plaintiff's allegations that Defendant Birt "was present and well aware

6

of Plaintiff's task in the container he was in," and that Defendant Birt failed to "explain[ ] or even mention[ ] the hazards of being in the canister" (Doc. No. 8 at 4), are insufficient to allow "the court to draw the reasonable inference that [Defendant Birt] is liable for the misconduct alleged." *Id*.

Moreover, Plaintiff must allege facts sufficient to demonstrate Defendant Birt personally participated in the deprivation of his federal constitutional rights. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."). Here, a review of the Complaint demonstrates Plaintiff has not sufficiently alleged personal participation, as Plaintiff alleges Defendant Dodson was his supervisor and instructed Plaintiff to climb into the recycling container. Mere presence at the time of an alleged constitutional violation is insufficient to find personal participation. *See Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (a defendant's mere presence during a raid by the Topeka Police Department was not a basis for liability).

**WHEREFORE**, for the foregoing reasons, this court respectfully

**RECOMMENDS** that "Defendant Birt's Motion to Dismiss" (Doc. No. 51 ) be **GRANTED**, and that the claims against Defendant Birt be dismissed in their entirety. This court also

**RECOMMENDS** that the District Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). Should the court adopt this court's Recommendation, if Plaintiff files a notice of appeal

he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days of the court's final order in accordance with Fed. R. App. P. 24.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 24th day of April, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge