IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01511–PAB–KMT

GLENN McMINN,

    Plaintiff,

v.

S.C.O. ROBERT DODSON, and
ALLEN BIRT,

    Defendants.

# ORDER

This matter is before the court on "Defendant Birt's Motion for Protective Order" (Doc. No. 71 [Mot.], filed December 14, 2011). Plaintiff filed his response on December 21, 2011 (Doc. No. 78 [Resp.]), and Defendant filed his reply on December 30, 2011 (Doc. No. 81 [Reply]). The motion is ripe for ruling.

Plaintiff filed this suit pursuant to 42 U.S.C. § 1983, alleging Defendants violated Eighth Amendment rights to be free from cruel and unusual punishment. (*See* Doc. No. 8.) Defendant Birt filed a Motion to Dismiss (Doc. No. 51), and this court filed its Recommendation that the motion to dismiss be granted (Doc. No. 108). Defendant Birt filed the present Motion seeking a protective order against discovery directed to him pending ruling on the Motion to Dismiss. (*See* Mot.)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, 198 (3d ed. 2010); *see also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). A stay of all discovery is generally disfavored. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at*2 (D. Colo. Mar. 2,

2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

When considering a stay of discovery, the court may consider and weigh: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (citing cases).

Defendant Birt argues that he would be unduly burdened by having to respond to discovery while the Motion to Dismiss is pending, and that the burden on him outweighs the prejudice to Plaintiff in proceeding with the action. (Mot., ¶ 12.) Defendant also argues that awaiting the outcome of the Motion to Dismiss is in the interest of the Court, as it would prevent the use of time and resources in dealing with discovery disputes regarding Defendant Birt. (*Id.*)

Defendant's Motion to Dismiss, if granted, would resolve the case against him in its entirety. While some courts at this stage briefly address whether the dispositive motion is "clearly meritorious and truly case dispositive," *Feldman v. Flood*, 176 F.R.D. 651, 653 (M.D. Fla. 1997), this court previously has addressed the merits of the Motion to Dismiss in detail in its Recommendation. This court has concluded that Defendant's Motion is both meritorious and dispositive of the claims against Defendant Birt. Thus, here, where a Recommendation for dismissal is currently pending, a stay of discovery as to Defendant Birt is appropriate.

In addition, Plaintiff will not be unduly prejudiced by this stay because it will not hinder his future ability to fully engage in discovery, in the event that the Motion to Dismiss is denied. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004). Moreover, no discovery is necessary for the resolution of the Motion to Dismiss. Finally, considering its own interests and finding no nonparty or public interests would be affected, the court finds that a stay of discovery and other deadlines as to Defendant Birt is appropriate in this case.

Therefore, it is

**ORDERED** that "Defendant Birt's Motion for Protective Order" (Doc. No. 71) is **GRANTED**. All discovery and deadlines in this matter are **STAYED** as to Defendant Birt. Defendant Birt file a status report no later than five days after the District Court's ruling on his motion to dismiss to advise if any portion of the case remains pending against him.

Dated this 24th day of April, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge