IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01511–PAB–KMT

GLENN McMINN,

    Plaintiff,

v.

S.C.O. ROBERT DODSON, and
ALLEN BIRT,

    Defendants.

## ORDER

This matter is before the court on Plaintiff's "Motion to Amend Relief" (Doc. No. 113 [Mot.], filed May 2, 2012).

Plaintiff seeks to amend his complaint to amend and increase the damages he seeks. (*See* Mot.) The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires. Fed. R. Civ. P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

There are several problems with Plaintiff's Motion. First, Plaintiff continues to assert claims for damages against defendants who have previously been dismissed from this case. As of the date of this Order, the only two defendants remaining in this matter are Defendant Dodson and Defendant Birt. Additionally, this court issued a Recommendation on April 24, 2012, that Defendant Birt's Motion to Dismiss should be granted. (*See* Doc. No. 108.)

Second, Plaintiff has failed to include a copy of his proposed amended complaint. Thus, Plaintiff's motion to amend is properly denied. *See Lambertson v. Utah Dept. of Corrs.*, 79 F.3d 1024, 1029 (10th Cir. 1996) (district court did not abuse its discretion in denying plaintiff's motion to amend for failure to provide adequate explanation for delay in seeking amendment and for failure to provide a copy of the proposed amended pleading). *See also Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir. 1984) (district court should have held motion to amend in abeyance pending submission of plaintiff's proposed amendment); *Bownes v. City of Gary, Indiana*, 112 F.R.D. 424, 425 (N.D. Ind. 1986) ("common sense" dictates that a party seeking leave to amend should accompany his motion with a copy of the proposed amended complaint); *Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981) (where plaintiff sought leave to amend, a copy of the proposed amended pleading must be attached to the motion).

Finally, the court notes that the deadline set by this court for joining parties and amending pleadings was set at December 16, 2011. (*See* Doc. No. 45.) Thus, Plaintiff's Motion is untimely, and Plaintiff has failed to give any reason for his delay in seeking the amendment. The Tenth Circuit has "often found untimeliness alone a sufficient reason to deny leave to amend." *See Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001) (internal quotation marks and citation omitted).

> A district court evaluates the reasons for the delay and assesses whether they amount to excusable neglect. Untimeliness is sufficient cause for denying leave [to amend], especially when the movant offers no adequate explanation for the delay. A district court may deny leave if the movant knows or should have known

> of the facts upon which the proposed amendment is based but fails to include them in the original complaint.

*Cuenca v. University of Kansas*, 205 F. Supp. 2d 1226, 1230 (D. Kan.2002) (internal quotation marks and citations omitted).

Therefore, for the foregoing reasons, it is

ORDERED that Plaintiff's "Motion to Amend Relief" (Doc. No. 113) is DENIED.[1]

Dated this 8th day of May, 2012.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge

---

[1] Because this motion to amend the complaint is non-dispositive of parties or claims, it can be ruled on by a magistrate judge under 28 U.S.C. § 636(b)(1)(A). *See Franke v. ARUP Labs., Inc.*, 390 F. App'x 822, 828 (10th Cir. 2010) ("motion to amend was a nondispositive pretrial matter that the magistrate judge was authorized to decide pursuant to 28 U.S.C. § 636(b)(1)(A)."); *Lariviere, Grubman & Payne, LLP v. Phillips*, No. 07–cv–01723, 2010 WL 4818101, at *5 (D. Colo. Nov. 9, 2010) ("Generally a motion to amend a complaint is considered a nondispositive motion because it involves pretrial matters not dispositive of a claim or defense of a party within the purview of Fed.R.Civ.P. 72(a).") (quotation marks and brackets omitted).