IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01511-PAB-KMT

GLENN McMINN,

    Plaintiff,

v.

S.C.O. ROBERT DODSON and
ALLEN BIRT,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathleen M. Tafoya (the "Recommendation") [Docket No. 87] filed on January 17, 2012. The magistrate judge recommends that the Court deny plaintiff's motion to amend [Docket No. 39] his complaint. On February 7, 2012, plaintiff Glenn McMinn filed timely objections to the Recommendation [Docket No. 95]. Therefore, the Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).[1]

The Recommendation determined that plaintiff's motion to amend was futile because it was conclusory, failed to allege specific facts showing the personal participation of the defendant wardens, and did not show that the medical professionals

---

[1]The recommendation contains a detailed statement of the case with which no party has taken issue. In light of plaintiff's pro se status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

at Bent County Correctional Facility ("BCCF") were deliberately indifferent to his medical needs.  Docket No. 87 at 4-8.  In addition, the Recommendation determined that plaintiff could not sustain a claim against Bent County Recycling ("BCR") because his amended complaint was insufficient to satisfy the requirements of *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).  *Id*. at 2.  Plaintiff objects to the Recommendation and argues that he should be allowed to amend his complaint to include the owners/operators of BCR, Warden Brigham Sloan, and the medical professionals at BCCF.  *See* Docket No. 95.

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs courts to "freely give leave [to amend] when justice so requires."  *Id*.  However, a court may deny leave to amend a complaint where the amendments would be futile.  *Jefferson Cnty. School Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.  *Id*.

In his objections, plaintiff clarifies that his amended complaint does not raise an Eighth Amendment claim against Bent County, Colorado, but rather the "individuals who deal with the day to day operations" at BCR.  Docket No. 95 at 1.  Plaintiff asserts that his injuries occurred because the unnamed owners/operators of BCR violated certain Occupational Safety and Health Administration ("OSHA") regulations and failed to provide Personal Protection Equipment.  *Id*. at 2.  Given plaintiff's clarification, the Court construes plaintiff's proposed amended complaint as raising a claim against the unnamed owners/operators of BCR for failure to comply with safety regulations.

Plaintiff's proposed second amended complaint alleges that BCR is a "privately owned business."[2] Docket No. 39-1 at 7. The amended complaint [Docket No. 8] names "Al (John Doe)" as a defendant and alleges that he was an employee of BCR who knew of the conditions that plaintiff was working under at the time of plaintiff's injury and did nothing to notify him of the hazards. Docket No. 8 at 4. Moreover, plaintiff alleges that "Al" failed to abide by safety rules and regulations, thus causing plaintiff's injury. *Id.* at 5. As such, a private actor such as BCR "cannot be held liable *solely* because it employs a tortfeasor—or, in other words . . . cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691 (emphasis in original). Therefore, in order to hold the owners and operators of BCR liable for the alleged wrongful acts of "Al," plaintiff must show that BCR directly caused the constitutional violation by instituting an official policy that was the "direct cause" or "moving force" behind the constitutional violations. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-85 (1986); *City of Okla. City v. Tuttle*, 471 U.S. 808, 820 (1985).

Plaintiff's proposed amended complaint does not allege that the owners and operators of BCR had an official policy of not complying with safety regulations. Nor does the proposed amended complaint allege that "Al" acted in compliance with any such policy. Given that noncompliance with safety regulations is the basis of plaintiff's proposed claim against BCR's owners and operators, the proposed amended complaint fails to state a claim against them.

---

[2] Plaintiff also states that the "owners of Bent County Recycle (at the time of [the] incident) where 13 counties with the State of Colorado. . . ." Docket No. 39-1 at 13.

3

Moreover, even if noncompliance with mandatory OSHA regulations can be considered a "policy" and even if such noncompliance was a direct cause of plaintiff's injury, plaintiff's allegations that BCR failed to follow various safety codes fails to state a claim under the Eighth Amendment. *See French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) ("not every deviation from ideally safe conditions constitutes a violation of the constitution. The eighth amendment does not constitutionalize the Indiana Fire Code. Nor does it require complete compliance with the numerous OSHA regulations.") (quotation marks and citations omitted); *Barnes v. Trotter*, 2011 WL 2604344, at *1 (N.D. Ind. June 30, 2011) (in dismissing prisoner's § 1983 claim under the Eighth Amendment based on alleged violations of Indiana Health Department code in prison kitchen, court notes, referring to *French v. Owens*, that "[j]ust as the Constitution does not constitutionalize the Indiana Fire Code it also does not constitutionalize the Indiana Health Department regulations."). Accordingly, the Court denies plaintiff's proposed amendments as futile because they will be subject to dismissal. *Jefferson Cnty.*, 175 F.3d at 859.

Next, plaintiff asserts that Warden Sloan should be added as a defendant in this case for failing to ensure that safety procedures were adhered to by employees under his supervision. Docket No. 95 at 4. It is unclear whether plaintiff's claim against Warden Sloan stems from plaintiff's medical treatment or from the injuries plaintiff sustained while in the recycling container. *See* Docket No. 39-1 at 10-11. Regardless of the nature of plaintiff's claim against Warden Sloan, the Court agrees with the Recommendation's conclusion that plaintiff's allegations are insufficient to raise an Eighth Amendment claim. Docket No. 87 at 11.

To sustain a claim against Warden Sloan, plaintiff must allege a deliberate or intentional act on the part of Warden Sloan to violate his Eighth Amendment rights. *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). Despite plaintiff's citation to the prison handbook, plaintiff has not alleged that Warden Sloan (1) implemented a policy that (2) led to his injury in the recycling container, and that (3) Warden Sloan knew of the risk of injury associated with the use of the recycling container. *Dodds v. Richardson*, 614 F.3d 1185, 1199-1200 (10th Cir. 2010). As such, plaintiff's proposed amended complaint fails to state any allegations to raise a supervisory claim against Warden Sloan with respect to injuries sustained in the recycling container.

Plaintiff also cannot sustain an Eighth Amendment claim against Warden Sloan with respect to his medical treatment because his allegations do not satisfy the subjective prong of the test, i.e. plaintiff does not allege that Warden Sloan was personally aware of his requests for medical treatment. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (under the subjective test "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Accordingly, the Court denies plaintiff's proposed claims against Warden Sloan as futile because they would be subject to dismissal. *Jefferson Cnty.*, 175 F.3d at 859.

With respect to the medical professionals at BCCF, plaintiff argues that the Recommendation erred when it denied his request to add Nurse Moulds, Nurse Jacobs, Nurse Newhold, and Medical Provider ("M.P.") Phillips to the instant action. Docket No. 95 at 6. Plaintiff alleges that these medical professionals violated his Eighth

Amendment rights because they were deliberately indifferent to his serious medical needs. *Id*. at 6-7.

To state a cognizable Eighth Amendment claim for denial of medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "deliberate indifference" claim involves both an objective and subjective component. *Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000). In this case, plaintiff must show both that he suffered a "sufficiently serious" harm (the objective element) and that defendant knew and disregarded "an excessive risk" to plaintiff's health (the subjective element). *See Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005); *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006).

A sufficiently serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209. However, a difference of opinion between the prisoner and the prison's medical staff does not rise to the level of a constitutional violation. *Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir. 1993). The Tenth Circuit noted that "a prison doctor remains free to exercise his or her independent professional judgment and an inmate is not entitled to any particular course of treatment." *Callahan*, 471 F.3d at 1160 (quoting *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996)). Accordingly, to raise a viable Eighth Amendment claim, plaintiff must show a "deliberate refusal to provide medical attention,

as opposed to a particular course of treatment." *Fleming v. Uphoff*, 210 F.3d 389, 2000 WL 374295, at *2 (10th Cir. April 12, 2000) (citation omitted).

With respect to Nurse Moulds, plaintiff's primary allegation is that she "stopped the pain medication and ordered Tylenol which was much too mild." Docket No. 39-1 at 8. Plaintiff also claims that she refused to perform further testing after concluding that his X-ray results showed that his bones were "fine." *Id*. Such allegations do not establish that Nurse Moulds was deliberately indifferent to plaintiff's medical needs and show only a disagreement about the proper course of treatment. The Supreme Court has concluded that "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." *Estelle*, 429 U.S. at 107. Accordingly, plaintiff's allegations would be insufficient to sustain an Eighth Amendment claim against Nurse Moulds.

Plaintiff alleges that Nurse Jacobs "echoed defendant Moulds' statements and denials" even though he never performed an examination. Docket No. 39-1 at 8. Plaintiff states that Nurse Jacobs never treated him and was not qualified to diagnose his condition. *Id*. Plaintiff also asserts that he was subject to serious disciplinary sanctions because Nurse Jacobs knowingly provided false testimony during a disciplinary hearing. Docket No. 95 at 5. The Eighth Amendment only protects prisoners from constitutionally deficient medical treatment which "constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 104-05. Because plaintiff's allegations against Nurse Jacobs are not related to his medical treatment, they would not raise a viable Eighth Amendment claim.

7

Next, plaintiff alleges that Nurse Newholt and M.P. Phillips were deliberately indifferent to his serious medical condition when they refused to give him a "lay-in" from his duties in the kitchen. Docket No. 39-1 at 9. Plaintiff claims that Nurse Newholt denied the "lay in" request based on M.P. Phillips' advice even though M.P. Phillips had not examined plaintiff. *Id*. Moreover, plaintiff contends that Nurse Newholt did not explain the extent of his injuries to Mr. Phillips. *Id*.

Taking plaintiff's allegations as true, they fail to satisfy the subjective prong of an Eighth Amendment claim. As noted above, plaintiff must show "a deliberate refusal to provide medical attention, as opposed to a particular course of treatment." *Fleming*, 2000 WL 374295, at *2. Plaintiff's averments present only a disagreement with Nurse Newholt and M.P. Phillips' medical judgment. To the extent plaintiff states that Nurse Newholt's and M.P. Phillips' actions amount to malpractice, Docket No. 39-1 at 9, the Court notes that neither "medical malpractice . . . nor . . . [a] disagreement in medical judgment" constitute an Eighth Amendment claim. *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997). Consequently, plaintiff's proposed claims against Nurse Newholt and M.P. Phillips would be insufficient to raise an Eighth Amendment claim.

In sum, the Court agrees with all aspects of the Recommendation. Plaintiff's proposed amendments are futile because, even if accepted, they would be subject to dismissal. *Jefferson Cnty.*, 175 F.3d at 859.

Therefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 87] is **ACCEPTED**. It is further

**ORDERED** that plaintiff's Motion to Amend and Re-instate [Docket No. 39] is **DENIED**. It is further

**ORDERED** that the Motion for Status on Plaintiff's Motion to Amend and Reinstate Defendants (Doc. #39) [Docket No. 132] is **DENIED as moot**.

DATED September 14, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge