IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–01511–PAB–KMT

GLENN McMINN,

     Plaintiff,

v.

S.C.O. ROBERT DODSON,

     Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

_____

**Magistrate Judge Kathleen M. Tafoya**

     This matter is before the court on "Defendant Robert Dodson's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37" (Doc. No. 127 [Mot. Sanctions], filed May 15, 2012) and "Defendant Robert Dodson's Motion for Summary Judgment Or, in the Alternative, Motion to Dismiss" (Doc. No. 146 [Mot. Summ. J.], filed August 27, 2012).

     Plaintiff filed his response to the Motion for Sanctions on June 7, 2012 (Doc. No.142 [Resp. Mot. Sanctions]), and Defendant filed his reply on June 15, 2012 (Doc. No.143 [Reply Mot. Sanctions]).  Plaintiff filed his response to the Motion for Summary Judgment on April 4, 2012 (Doc. No. 81 [Resp. Mot. Summ. J.]), and Defendant filed her reply on April 18, 2012 (Doc. No. 83 [Reply Mot. Summ. J.]).  The motions are ripe for recommendation and ruling.

**STATEMENT OF THE CASE**

Plaintiff filed this suit pursuant to 42 U.S.C. § 1983, alleging Defendant Dodson violated his Eighth Amendment rights to be free from cruel and unusual punishment.  (*See* Doc. No. 8.) Plaintiff asserts that on February 24, 2011, while he was incarcerated at Bent County Correctional Facility, Defendant Dodson instructed Plaintiff to climb into a large recycling container to make sure empty recycled cans properly were exiting the container.  (*See id.* at 4.) While Plaintiff was climbing into the container, he slipped on an empty can, landed on his left hip, and slid out the opening in the container.  (*Id.*)  Plaintiff alleges the fall caused back and hip injuries, numbness in his right thigh area, and nerve damage.  (*Id.*)  Plaintiff alleges Defendant Dodson "should have known and required common, basic, and standard safety precautions were in place while supervising, inspecting, and operating a place of business that consists of heavy machinery which can and did cause serious injury."  (*Id.* at 5.)  Plaintiff asserts Defendant Dodson should have regulated and enforced safety regulations, and that his failure to do so violated the plaintiff's Eighth Amendment rights.  (*Id.*)  Plaintiff seeks money damages in the amount of $1,000,000.  (*Id.* at 6.)

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for

2

trial on a material matter." *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c). A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. Moreover, because Plaintiff is proceeding *pro se*, the court, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts

3

for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380

(2007); *Thomson*, 584 F.3d at 1312.

## ANALYSIS

### A.    *Motion for Summary Judgment*

Defendant moves for summary judgment on Plaintiff's claims against him on the bases

that 1) Plaintiff failed to exhaust his administrative remedies; and 2) Plaintiff fails to establish

any constitutional violation.  (*See* Mot. Summ. J.)

#### 1.    *Failure to Exhaust*

Prior to filing this civil action, Plaintiff was required to exhaust administrative remedies

pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  *Booth v.*

*Churner*, 532 U.S. 731, 741 (2001).  Section 1997e(a) provides:

> [n]o action shall be brought with respect to prison conditions under section 1983
> of this title, or any other Federal law, by a prisoner confined in any jail, prison, or
> other correctional facility until such administrative remedies as are available are
> exhausted.

The "PLRA's exhaustion requirement applies to all inmate suits about prison life."  *Porter v.*

*Nussle*, 534 U.S. 516, 532 (2002).  The PLRA's requirement that an inmate exhaust all available

administrative remedies before initiating suit is mandatory.  *See Woodford v. Ngo*, 548 U.S. 81,

85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is

mandatory.").  *See also Jones v. Bock*, 549 U.S. at 210–212 ("There is no question that

exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in

court.").

"To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007). "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules,—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. at 218 (internal quotation marks and citation omitted). Thus, it is the prison's own grievance procedures that set forth what the prisoner must do in order to exhaust his or her administrative remedies. 549 U.S. at 218 (citation omitted).

The Colorado Department of Corrections ["CDOC"] has a multi-step grievance process available to prisoners. (*See* Mot. Summ. J., Ex. A [CDOC Admin. Reg. 850-04].) Under the applicable regulation, a prisoner may file a step 1 grievance within 30 calendar days from the date he knew of the facts giving rise to her grievance." (*Id.*, Admin. Reg. No. 850–04 § IV(I)(1)(a).) A response is due from the CDOC twenty-five days after receipt of the step 1 grievance. (*Id.*, § IV(I)(1)(a).) The prisoner, after receiving a response to step 1, then has five days to proceed to a step 2 grievance. (*Id.*, § IV(I)(1)(c).) CDOC has another twenty-five days to respond to the step 2 grievance, the prisoner is given five days to file a step 3 grievance, and the CDOC then has forty-five days to issue a final response. (*Id.*, § IV(I)(1)(b-c).)

Defendant argues that Plaintiff failed to exhaust his administrative remedies as is required under the PLRA. (Mot. Summ. J. at 7.) To support this contention Defendant notes that Plaintiff "has failed to produce any evidence in this case other than some select medical records and OSHA documents." (*Id.*) Moreover, when faced with an order from this court,

Plaintiff refused to respond to written discovery or execute releases. (*Id.*) Plaintiff also refused

to answer questions at his deposition. (*Id.*) Thus, the court finds that Defendant has met his

initial burden of demonstrating the absence of evidence to show that Plaintiff satisfied the PLRA

exhaustion requirement.

In his response, Plaintiff admits he failed to exhaust his administrative remedies. (Resp.

Mot. Summ. J. at 1–2.) However, Plaintiff argues "there is no need nor is there a stipulation

necessary [ ] for that purpose in this matter." (*Id.* at 1.) Plaintiff also argues that because

"damages for pain and suffering, and exemplary or punitive damages are not remedies available

to offenders," a grievance was unnecessary. (*Id.* at 1–2.) Plaintiff's assertion that following the

administrative grievance procedure would be useless does not excuse the exhaustion

requirement. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("Even where the

'available' remedies would appear to be futile at providing the kind of remedy sought, the

prisoner must exhaust the administrative remedies available.").

Plaintiff also contends that, by filing a grievance "knowing it wasn't needed, or proper,"

he "stood a chance of losing his privileges if and when one was needed." (Resp. Mot. Summ. J.

at 2.) Despite the PLRA's strict requirements, there is a recognized exception to the requirement

to exhaust when procedures are not available—*e.g.*, when an inmate has been prevented from

filing a grievance or the facility refused to answer a grievance. *Jernigan*, 304 F.3d at 1032.

However, there is no allegation or evidence that Plaintiff received warnings about sanctions for

abusing the grievance process. Moreover, Plaintiff does not provide any evidence that the

grievance process was unavailable to him or that he was prevented from filing a grievance.

6

With no evidence before the court, there is nothing to refute Defendant's well-supported contention that Plaintiff failed to exhaust his administrative remedies.[1]  Accordingly, Defendant Dodson is entitled to summary judgment.[2]

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Defendant Robert Dodson's Motion for Summary Judgment Or, in the Alternative, Motion to Dismiss" (Doc. No. 146) be **GRANTED** and that the claims against Defendant Dodson be dismissed without prejudice for Plaintiff's failure to exhaust his administrative remedies.  The court further

**RECOMMENDS** that "Defendant Robert Dodson's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37" (Doc. No. 127), which requests sanctions in the form of dismissal, be **DENIED** as moot.  The court further

**RECOMMENDS** that the District Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this recommendation would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  Thereafter, if Plaintiff files a notice of appeal he also must pay the full $455.00

---

[1]Defendant also argues that to the extent Plaintiff asserts state law claims, Colo. Rev. Stat. § 13-17.5-102.3(a) also requires an inmate-plaintiff to exhaust his administrative remedies prior to bringing a civil action.  (Mot. Summ. J. at 6.)  Plaintiff's Complaint is clear that he is asserting only violations of his Eighth Amendment rights under 42 U.S.C. § 1983.  (*See* Doc. No. 8 at 3, 5.)  Nevertheless, the exhaustion analysis would be the same, and Plaintiff's claims still would fail.

[2]Although the Motion raises a substantive argument in support of dismissal, because the Motion may be resolved on the procedural ground submitted by the defendant, the court need not address the substantive argument.

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days of the court's final order in accordance with Fed.

R. App. P. 24.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 7th day of February, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge